HLD-009                                                            **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 25-1381

_____

IN RE: JUAN ALVAREZ PEREZ,
                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1:24-cv-05715)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 27, 2025
Before:  CHAGARES, Chief Judge, HARDIMAN and PORTER, Circuit Judges

(Opinion filed: April 25, 2025)

_____

OPINION*

_____

PER CURIAM

Juan Alvarez Perez has filed a pro se petition for a writ of mandamus compelling

the District Court to rule on his petition for a writ of habeas corpus under 28 U.S.C.

§ 2241. We will deny the petition.

Perez filed a § 2241 petition in April 2024. The District Court granted the

Government an extension of time to respond, and the Government filed its response in

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

July 2024. The District Court then granted Perez an extension of time to reply to the Government's response, which Perez filed on August 29, 2024. He now files a petition for a writ of mandamus asking us to compel the District Judge to rule on his § 2241 petition.

A writ of mandamus is a drastic remedy that is available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Perez must show that he has no other adequate means to obtain relief and that he has a clear and indisputable right to the writ. Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam). While district courts have discretion over docket management, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), a writ of mandamus may be warranted where "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). The District Court has exercised jurisdiction and granted both parties' requests for extensions of filing deadlines in this case. We cannot conclude that the current delay in deciding Perez's § 2241 petition constitutes a failure to exercise jurisdiction or warrants the extraordinary remedy of mandamus. We are confident that the District Court will issue a ruling in due course.

We will thus deny Perez's mandamus petition without prejudice to his filing another mandamus petition if the District Court does not act without undue delay.